IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIAN SANTIAGO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2024-cv-2058 |
| NORTHWESTERN UNIVERSITY, JAMES THOMAS FOSTER, MONIQUE HOLLAND, and RACHEL VELEZ, | ) Judge Mary M. Rowland ) Magistrate Judge Gabriel A. Fuentes |
| Defendants. | ) |

**DEFENDANT, JAMES FOSTER'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, JAMES FOSTER, ("Foster"), by his attorney, JAMES KELLY LAW FIRM, PC, and for his Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) states:

**I. INTRODUCTION**

Plaintiff is attempting to deceive the public and this Court. Plaintiff created a news story at the podium in front of the national media to attempt to ride on the coattails of the Northwestern football team scandal. Plaintiff knows that the facts he alleges are not true. To name a few of the untrue facts alleged or intimated, Plaintiff knows Foster was not fired from Northwestern, knows there have been no formal NCAA penalties against Foster, knows the NCAA has acknowledged no prior violations by Foster, knows Foster was not sued and did not settle with a Rhode Island baseball player, and knows Foster did not have NCAA violations at West Point. Regardless of the verifiable facts misrepresented by Plaintiff and taken as true for the purpose of this Motion, Plaintiff still merely alleges workplace disagreements with Foster which are not actionable negligence claims. When the Court parses all the inflammatory rhetoric down, what duty did Foster breach? Spitting, swearing, and anxiety are all part

1

of baseball, especially at a Power Five conference school. Plaintiff's disagreements with Foster on and off the field dealing with their job duties should not be a national news story or a claim that proceeds further in this Court. At best, Plaintiff's claims boil down to a negligence complaint for working long, hard hours associated with being a coach and Foster being mean to him. These claims are not sufficient for a negligence complaint and the Amended Complaint should be dismissed for failure to state a claim.

## II. PROCEDURAL HISTORY

Plaintiff filed suit against Northwestern University, employees of Northwestern University, and Foster concerning Plaintiff's employment with Northwestern University. Plaintiff originally filed suit in Cook County Circuit Court, *Santiago v. Northwestern University, et al*, Case No. 2024L 002016. Plaintiff specifically alleged counts against Foster for negligent (willful and wanton) conduct and intentional infliction of emotional distress. Plaintiff's case was removed to this Court by Notice of Removal, dated March 11, 2024. (Dkt. No. 1). Foster filed a Motion to Dismiss on June 10, 2024. (Dkt. No. 20). However, before this Court could rule on Foster's Motion to Dismiss, Plaintiff voluntarily filed an Amended Complaint on July 15, 2024 (Dkt. No. 24). Plaintiff's Amended Complaint does not cure the defects in his original complaint which required Plaintiff's dismissal of his lawsuit.

When Plaintiff's allegations are parsed down from the embellished and glorified generalizations, there are only limited alleged actions by Foster to Plaintiff, which only amount to cursing, commenting on Plaintiff's job performance, and requesting staff to do things Plaintiff perceived to be NCAA regulatory violations.

## III. LEGAL STANDARD

A.  FRCP 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the Complaint to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). Thus, dismissal is appropriate when,

2

even if all the facts alleged are true, there is no legal claim. *Payton v. Rush-Presbyterian St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir. 1999). When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). To state a claim under the federal notice pleading standards, the Complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a plaintiff's Complaint must allege "sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 570). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. This plausibility standard is not a probability requirement, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *Twombly*, 550 U.S. at 555. A plaintiff cannot "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims . . ." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

While detailed factual allegations are not necessary in a complaint*, Twombly*, 550 U.S. at 555, a plaintiff can plead too much. A plaintiff can plead himself "out of Court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011). Dismissal is appropriate where a plaintiff pleads himself out of court "by alleging (and thus admitting) the ingredients of a defense." *Weiler v. Vill. Of Oak Lawn*, 86 F.Supp.3d 874, 881 (N.D. Ill. 2014) (quoting *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003)). In this case, Plaintiff has pled

3

himself out of court by admitting facts that defeat his claim of negligence and willful and wanton conduct.

**B.	Elements of Negligence**

Illinois law sets out the standard for proving negligence. Negligence is the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do under similar circumstances. *Williams v. Conner,* 228 Ill. App. 3d 350, 364 (5th Dist. 1992); Illinois Pattern Jury Instructions Civil 10.01. To recover for negligence, Plaintiff must plead and prove that:

(1)	A duty was owed to the plaintiff by the defendant;
(2)	Injuries or damages were sustained by the plaintiff; and
(3)	Defendant's breach of duty owed to plaintiff was the proximate cause of plaintiff's injuries or damages.

*Johnson v. Edward Orton, Jr. Ceramic Found.,* 71 F.4th 601 (7th Cir. 2023) and *Thompson v. County of Cook*, 154 Ill.2d 374, 382 (1993); Illinois Pattern Jury Instructions Civil 21.02. The failure to prove any one of these elements is fatal to Plaintiff's cause of action. Aalbers v. LaSalle Props. 2022 IL App (1st) 210494 and Illinois Pattern Jury Instructions Civil 21.02.

The question of whether a duty exists is ordinarily a question of law for the Court to decide. *Largosa v. Ford Motor Company*, 303 Ill. App. 3d 751, 754 (1st Dist. 1999). The relationship of the parties to each other determines the duty owed by one to another. *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 47 (1991). In determining whether a duty exists under given circumstances, a Court will consider the likelihood of injury, the reasonable foreseeability of that injury, the magnitude of the burden of eliminating or guarding against the risk, and the consequence of placing that burden on the defendant. *Johnson, supra,* and *Kirk v. Michael Reese Hospital & Medical Center,* 117 Ill. 2d 507, 526 (1987).

**C.	Willful and Wanton**

Plaintiffs have improperly alleged a count for negligence and a count for willful and wanton conduct. On the Complaint's face, based on Illinois law, both counts should be dismissed. Illinois'

4

courts have determined that willful and wanton misconduct is a form of negligence. *Corgan v. Muehling*, 143 Ill. 2d 296, 302 (1991). In Illinois, there is no independent tort of willful and wanton conduct. *Lohman v. Bemis*, 289 Ill. App. 3d 139, 142 (1st Dist. 1997). To prove willful and wanton conduct, Plaintiffs must prove that Foster's conduct was committed with actual or deliberate intent to harm the Plaintiffs *Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist.,* 349 Ill. App. 3d 150, 155 (2004)) or that Foster's conduct was committed with utter indifference to or conscious disregard for the safety of others (*Pfister v. Shusta*, 167 Ill. 2d. 417, 421 (1995)). Illinois Pattern Jury Instructions, Civil, No. 14.01.

## IV.  ARGUMENT

**A.  Plaintiff's Counts VI and VII Alleging Negligence and Willful and Wanton Conduct Must be Dismissed as There is No Duty in Illinois**

As previously established, for a negligence claim to be legally sufficient, the defendant must owe a duty to the plaintiff, the defendant must breach that duty, and the injury must be proximately caused by the breach. *Corgan v. Muehling*, 143 Ill. 2d 296, 306 (1991). In determining what duty Foster had to Plaintiff, it is recognized that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act and such a duty does not depend upon contract, privity of interest, or proximity of relationship. *Bogenberger v. Pi Kappa Alpha Corp.*, 2018 IL 120951, ¶ 22 (2018). In deciding whether a duty exists in a particular case a court will consider the foreseeability of the plaintiff's injury, the likelihood of the occurrence, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant. *Doe v. McKay*, 183 Ill. 2d 272, p. 277 (1998). "The determination of whether a duty exists — whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation or reasonable conduct for the benefit of the plaintiff — is an issue of law to be determined by the court." *Id.* Where a plaintiff has not adequately alleged

facts that impose a duty upon a defendant, the action should be dismissed for failure to state a claim. *Parks v. Kownacki*, 193 Ill. 2d 164, 181 (2000).

Here, as in his original Complaint, Plaintiff alleges in both Counts VI and VII that Foster "owed Plaintiffs a duty of care to provide a safe, non-toxic work environment." (Amended Complaint ¶¶ 194 and 209). Plaintiff attempts to ground this alleged duty on provisions of the Northwestern University Staff Handbook, specifically, Plaintiff cites to Section 3.1. in the Handbook. This Section concerns "Civility and Mutual Respect" and provides that demeaning, intimidating, threatening, bullying, or violent behavior that affect the ability to learn, work, or live in the Northwestern environment depart from the standard for civility and respect and have no place in the academic community. Plaintiff also cites Section 3.2. of the Handbook, "Ethics and Compliance." That Section essentially concerns ethics and conflicts of interest, which states that faculty and staff are expected to support compliance with Northwestern policies and procedures and applicable laws, rules and regulations.

The provisions of the Northwestern Staff Handbook do not create any legal duty for Foster to provide a safe non-toxic work environment. To the extent that the Northwestern University Staff Handbook can be considered an internal guideline, it does not impose a duty on Foster. Where the law does not impose a duty, one will generally not be created by a defendant's rules or internal guidelines. Rather it is the law which in the end must say what is legally required. *Doe v. Coe*, 2019 IL 123521 and *Inman v. Howe Freightways, Inc.,* 2019 IL App (1st) 172459. As the Court in *Doe v. Coe, supra*, noted, penalizing a defendant by imposing on it a duty to comply with self-imposed safety measures that exceed any duty imposed by law, however, would discourage employers from creating policies intended to protect their employees and the public. Courts have held that a park district's internal policies requiring a lifeguard to be on duty at all times did not create a legal duty to have one on duty at all times, *Blankenship v. Peoria Park District*, 269 Ill. App. 3d 416 (1994), and that an airline's policy manual requiring the clearing of walkways did not create a legal duty to do so. *Fillpot v. Midway Airlines Inc.,* 261 Ill. App. 3d 237 (1994). Like in those cases, which were much more serious

circumstances where the policies impacted life and death and did not create legal duties, the provisions in the Northwestern Handbook did not create any legal duty with respect to how Foster was required to treat the Plaintiffs.

Moreover, Plaintiff did not point to any statute or case law that creates a duty for Foster to refrain from the actions he is alleged to have taken. There is no duty to provide a "nice" workplace. Plaintiff's allegations come closest to alleging a hostile work environment which only applies if the hostile work environment resulted from discrimination prohibited by Title VII of the Civil Rights Act of 1964. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The courts' guidance with respect to what constitutes a hostile work environment for Title VII is instructive in determining Foster's duty to the Plaintiffs. The Seventh Circuit in *Hostetler v. Quality Dining, Inc.,* 218 F.3d 798 (7th Cir. 2000), indicated that the assessment of what constitutes a hostile work environment must be made with the appropriate sensitivity to social context lest Title VII becomes a general civility code for the American workplace. Thus, even if the allegations were true, there is no legal duty requiring civility in the workplace and Plaintiffs' Amended Complaint must be dismissed.

    **B.**    **Count VI and VII (Negligence Count VI and Willful and Wanton Conduct Count VII) of Plaintiff's Complaint Should be Dismissed as Illinois' Workers' Compensation Act's Exclusive Remedy Provision Bars Plaintiff's Claims**

Plaintiff is attempting to sue his co-employee for workplace negligence damages which is not allowed in Illinois. Co-employees are "immune from a common law negligence suit by the Plaintiff pursuant to Sections 5(a) and 11 of the Workers' Compensation Act. *Ramsey v. Morrison*, 175 Ill. 2d 218, 224 (1997), *Morales v. Herrera*, 2016 IL App (1st) 153540, ¶14.

In enacting the Illinois' Workers' Compensation Act, the General Assembly established a new framework for recovery to replace the common law rights and liabilities that previously governed employee injuries. *Sharp v. Gallagher,* 95 Ill. 2d 322, 326 (1983). In exchange for a system of no-fault liability, the employee is subject to statutory limitations on recovery for injuries and occupational

diseases arising out of and in the course of employment. *Id.* At 326-327. Accordingly, the Act contains an exclusive remedy provision as part of the quid pro quo which balances the sacrifices and gains of employees and employers. *Meerbrey v. Marshall Field Co.*, 139 Ill. 2d 455, 462 (1990).

The Illinois Supreme Court has stated that the Act generally provides the exclusive means by which an employee can recover for work-related injuries. *Meerbrey,* 139 Ill. 2d at 462. An employee may only escape the exclusive remedy under limited circumstances requiring the employee to establish that the injury:

1. Was not accidental;
2. Did not arise from his employment;
3. Was not received during the course of employment; or
4. Was not compensable under the Workers' Compensation Act.

*Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237 (1st Dist. 1980).

Here, Plaintiff has alleged in Counts VI and VII, allegations which squarely put the claims within the bounds of Illinois' workers' compensation system. Assuming arguendo Plaintiff could establish a duty, to proceed with his lawsuit, the burden is upon Plaintiff to prove that he fits into one of the narrow exceptions to the Act. Plaintiff has not done so with his pleading.

Exceptions two and three do not apply based upon the allegations made. Plaintiff alleges that he was in the course and scope of his employment and that the acts alleged to have been committed by Foster arose out of the employment, given that Plaintiff has alleged that he was an employee for purposes of the Illinois Minimum Wage Law, the Fair Labor Standards Act, and the Illinois Wage Payment and Collection Act, and is attempting to attach *respondeat superior* liability to Northwestern. Plaintiff fails under his *respondeat superior* theory, which he pled, if Foster's alleged actions were not related to his job duties for Northwestern. *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 932-33 (1997). There is no question based upon Plaintiff's pleadings that Plaintiff worked with Foster and claims injury arising out of and in the course of his employment obligations. Counts VI and VII are

negligence causes of action dealing with alleged accidental injuries suffered by Plaintiff while in the course and scope of his duties.

With respect to exception one, whether couched as willful and wanton or not, the alleged injuries are claimed to be accidental. Plaintiff is alleging negligence claims. In negligence claims, the injuries are often, if not always, accidental. Although the alleged actions are alleged as intentional, so are many actions which cause accidental injuries that are compensable by Illinois' Workers' Compensation Act. The Illinois Supreme Court has stated, as black-letter law, "the Workmen's Compensation Act precludes a common-law action for damages by an employee under the Act against a co-employee based on the latter's negligence during the course of their employment." *Collier,* 81 Ill. 2d 229 at 241. This result applies regardless of proof of willful or wanton negligence, as alleged by Plaintiff. *Id.* To show that an injury was not accidental, a plaintiff must allege that the employer acted deliberately and with specific intent to injure the employee. *Webster v. Firstexpress, Inc.*, No. 18 C 2777, 2019 U.S. Dist. LEXIS 44575, at *6 (N.D. Ill. Mar. 19, 2019). "Even if the alleged conduct goes beyond aggravated negligence and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, willfully failing to furnish a safe place to work, or even willfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205, 214, (4th Dist. 1991). Therefore, exception one does not apply to Plaintiff's negligence claims.

With respect to exception four, whether the accidental injury is compensable under the Workers' Compensation Act, Plaintiff has pled no facts which would support the alleged accidental injuries being handled in District Court, rather than the Illinois Workers' Compensation Commission. This Court is not the judge of compensability for Illinois workers' compensation claims. Illinois' Workers' Compensation Act provides that "all questions arising under this Act…shall be determined by the Commission." 820 ILCS 305/18 (LexisNexis, Lexis Advance through P.A. 103-604 of the 2024 Regular Session

of the 103rd General Assembly). The Commission is the sole factfinder for employee accidental injuries under the Act. Whether a causal relationship exists between employment and a condition of ill-being is a question of fact. *Certi-Serve, Inc. v. Industrial Comm'n,* 101 Ill. 2d 236, 244 (1984). It is the function of the Commission to decide questions of fact, judge the credibility of witnesses, and resolve conflicts in the evidence. *Hosteny v. Illinois Workers' Compensation Comm'n.*, 397 Ill. App. 3d 665, 674 (1st Dist. 2009). This is especially true with respect to medical issues to which the Commission is owed heightened deference because of the expertise it possesses in the medical arena. *Long v. Industrial Comm'n*, 76 Ill. 2d 561, 566 (1979).

Plaintiff would have an even lower proof bar at the Commission as workers' compensation is a no-fault system. Therefore, if Plaintiff was to argue or allege that he would not succeed with compensability in a workers' compensation forum, there is no reason why these counts against Foster should be allowed to advance under the heightened negligence standard in District Court. Plaintiff has attempted to negate the benefit of the bargain reached in Illinois' workers' compensation scheme. The Court should dismiss Plaintiffs' negligence claims. Plaintiff will never be able to allege facts sufficient to avoid Illinois' exclusive remedy provision. For the foregoing reasons, Count VI of Plaintiff's Complaint should be dismissed with prejudice.

**C.    Plaintiff's Count VII for Willful and Wanton Conduct Must be Dismissed**

In Illinois, there is no separate and distinct tort for willful and wanton conduct. *Ziarko v. Soo Line R.R.,* 161 Ill. 2d 267, 274, (1994). Yet, despite there being no separate tort for willful and wanton negligence, Plaintiff seeks to push a second count alleging a separate cause of action on the same alleged facts as his negligence count. As noted by Foster in this motion, the negligence count fails for failure to identify a legal duty and being pre-empted by the Illinois Workers' Compensation Act. Both reasons for dismissal also support dismissal of the willful and wanton count as it is not a separate cause of action and requires the same elements of proof as the negligence count. The one difference is that willful and wanton requires additional pleading, alleging a course of action which shows actual or

deliberate intention to harm or reckless disregard for the person's safety. *Doe –3 v. McLean County Unit Dist. No. 5 Bd. Of Dirs.*, 2012 IL 112479, ¶ 86. Therefore, if Plaintiff cannot succeed with a negligence count for failure to plead a duty, or because of the exclusive remedy, as a matter of law the willful and wanton count must fail. In this case, Plaintiff has alleged no facts supporting negligence, let alone the higher bar of willful and wanton.

In fact, Plaintiff relies upon the exact same alleged facts for both counts, just summarily claiming that the facts support "conscious disregard" for the safety and well-being of staff and students. Plaintiff's conclusory statement fails as it is the facts, not Plaintiff's conclusions, which must form the basis of willful and wanton negligence. Simply substituting in "magic words" like intentionally, recklessly, or with conscious disregard in place of negligently, on the same alleged facts, does not sufficiently plead willful and wanton conduct. *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶ 30.

In this case, Plaintiff never alleged any facts supporting intention to harm. Plaintiff pled no facts which support that Foster did anything reckless, and the sum of Plaintiff's alleged facts are that Foster used forceful language to coach a high-level, competitive sports team playing on a national level. Willful and wanton misconduct should shock the conscience. *Oravek by Brann v. Community School District 146*, 264 Ill. App. 3d 895, 900 (1st Dist. 1994). Taken in context of a nationally competing collegiate sports program in the Power Five conference, nothing about Foster's alleged conduct arguably is even out of place for a head coach, let alone shocks the conscience. In addition, Plaintiff pled no evidence of any prior injury to Plaintiff which would give Foster any knowledge that Plaintiff subjectively thought he was experiencing serious injury. Plaintiff has failed to plead serious injury at all. In Illinois, to establish willful and wanton conduct in the absence of evidence of prior injuries, Illinois courts have required, at minimum, some evidence that the activity is generally associated with a risk of serious injuries. *Barr v. Cunningham*, 2017 IL 120751, ¶ 21. Plaintiff has failed to meet the pleading burden.

As demonstrated above, Plaintiff has not met the threshold to allege a viable cause of action for negligence. Moreover, Plaintiff cannot meet the more stringent standard that Foster intentionally or recklessly caused him harm. Plaintiff cannot show that Foster consciously intended or recklessly caused Plaintiff's employment to be terminated. The alleged conduct does not shock the conscience and there are no facts supporting prior injury or knowledge that the activities pled are generally associated with a risk of serious injury. Accordingly, all of Plaintiffs' negligence claims must be dismissed.

## V. CONCLUSION

Plaintiff is attempting to capitalize on the publicity surrounding Northwestern's Athletic Department and trying to collect common law money damages based on disagreements with Foster about Plaintiff's job duties. Plaintiff cannot establish a duty breached by Foster or meet the higher pleading standard that Foster's conduct shocks the conscience. Assuming arguendo Plaintiff could establish a duty breached by Foster, common law actions for negligence among co-employees are barred by the Illinois' Workers' Compensation Act. Plaintiff's negligence counts (VI and VII) against Foster should be dismissed with prejudice.

Respectfully submitted,

JAMES FOSTER, Defendant,

By: _____
James M. Kelly

James M. Kelly, ARDC No. 6238519
Jay L. Cohen, NY Bar No. 1793074
JAMES KELLY LAW FIRM, PC
7817 N. Knoxville Avenue
Peoria, IL 61614
T: (309) 679-0900
jklf@jameskellylawfirm.com
*Attorneys for James Foster, Defendant*